The plaintiff, Physicians Health Services of Connecticut, Inc., has moved to strike (#117) the third and fourth counts of a counterclaim filed by the defendants, Stanislaw and Kathleen Dziurzynski, seeking damages under the Connecticut Unfair Insurance Practices Act, General Statutes 38a-815
("CUIPA"), and the Connecticut Unfair Trade Practices Act, General Statutes 42-110b ("CUTPA"), respectively.
The plaintiff seeks to recover money paid on behalf of the defendants in connection with the birth of their child on November 12, 1989. The plaintiff had issued a medical policy to the defendant on June 1, 1989, and claims that the application for insurance by the defendants dated March 2, 1989, which denied that Mrs. Dziurzynski was pregnant, contained a material misrepresentation in that regard, and the plaintiff now seeks to void coverage retroactively and to recover amounts expended. CT Page 5548
Count three of the counterclaim alleges that the defendant's attempt on or about August 10, 1990 to void the policy constituted unfair claim settlement practices under CUIPA. The specific acts alleged were seven in number, including the claim that the pregnancy was an unreported change in health status; the claim that the defendants failed to report the pregnancy prior to the issuance of the policy; the claim that the defendants failed to report a change in health status; the claim that the failure to report the pregnancy prior to the issuance of the policy voids the policy; the attempt to void the policy after extensive medical and surgical claims had accumulated; the attempt to void the policy too late after the child's birth and the accumulation of bills; and the offering to reinstate only upon payment of additional monies, all constitute unfair settlement practices by the plaintiff. The defendants claim that these allegations describe a number or series of separate and distinct actions, giving rise to a general business practice.
The fourth count claims that the acts described in count three also constitute a violation of CUTPA.
In February, 1992, the plaintiff moved to strike counts three and four on the basis that they did not state a cause of action, and this motion was granted by Judge Katz on March 11, 1992. The defendants filed an amendment to their counterclaim on March 23, 1992, and again pleaded violations of CUIPA and CUTPA, and the plaintiff has again moved to strike these two counts. I discern no difference between the CUIPA and CUTPA counts previously stricken, and those set out in the revised counterclaim, and thus the motion to strike should be granted on that ground alone.
Moreover, reviewing the motion on its merits produces the same result. The defendants' claim concerns an attempt by the plaintiff to void this particular policy, and to recover certain benefits previously paid on behalf of the defendants.
The allegations in count three clearly fall within the unfair practice of claim settlement as defined by General Statutes38a-816(6). To sufficiently state a claim for a violation of CUIPA based on unfair settlement practices, the facts must allege conduct that constitutes a "general business practice." General Statutes 38a-816(6). Allegations of an isolated instance of unfair conduct do not satisfy this statute. Mead v. Burns,199 Conn. 651, 666, 509 A.2d 11 (1986).
Count three alleges that the plaintiff attempted to terminate coverage in 1990, but this is a single act, and does not constitute a "general business practice." See Henderson v. Aetna Casualty Surety Co., 5 Conn. L. Rptr. 341, 342 (Hadden, J., December 10, CT Page 5549 1991). The seven acts by plaintiff that the defendants claim exhibit bad faith and unfair settlement practices are in reality one act, and thus the defendants have failed to state a claim under CUIPA, in that they fail to allege sufficient facts to show a "general business practice."
In Mead v. Burns, supra, 665-666, the Supreme Court held that a legally sufficient CUTPA claim, based on unfair settlement practices against an insurance carrier, must sufficiently allege facts to establish a violation under CUIPA. The court reasoned that CUIPA embodies the legislature's intent as to what constitutes unacceptable insurer conduct, and said that it would be anomalous and inconsistent to permit conduct that does not sufficiently allege a CUIPA violation to state a CUTPA violation. Absent allegations sufficient to state a CUIPA violation, defendants' CUTPA claim in count four fails to state a cause of action and is therefore also subject to summary judgment in the plaintiff's favor.
Since the motion for summary judgment is granted both as to counts three and four of the counterclaim alleging violations of CUIPA and CUTPA, the claims for relief pertaining thereto are also ordered stricken.
So Ordered.